Don W. McNAMARA and Genevieve C. McNamara, Appellants,

v.

JONES & GUERRERO CO., Inc., Appellee.

No. 22654.

United States Court of Appeals Ninth Circuit.

Oct. 28, 1969.

Howard G. Trapp, of Trapp & Gayle, Agana, Guam, for appellants.

John S. Carniato, Walnut Creek, Cal., Arriola, Bohn & Dierking, Agana, Guam,

Miller, Critchfield & Eaton, Livermore, Cal., for appellee.

Before BARNES, MERRILL and KIL-KENNY,* Circuit Judges.

BARNES, Circuit Judge:

Appellants, defendants below, are here challenging the granting by the district court of a motion for summary judgment against them. Fed.R.Civ.P. 56.

Appellee, a one time employer of appellants on the island of Guam, brought suit to recover $733.60 expended in transporting appellants to Guam from San Francisco, California. An employment contract had been signed by the parties and appellee alleged that under its terms appellants became liable for their air fare when and if appellants unlawfully terminated the agreement.[1]

Appellee filed suit in the Island Court of Guam. After appellants entered a counterclaim for the balance due on their employment contract, which was in excess of the jurisdiction of the Island Court, the action was removed to the United States District Court of Guam.

Appellants defended against appellee's claim by contending that appellee prevented their performance of the employment agreement by not observing its terms.

Appellee moved successfully for summary judgment. In his ruling, the district judge pointed out that before leaving Guam, appellants had written appellee a letter (R.T. 64). The court's analysis of the letter was that it constituted both a statement against interest and a contradiction of appellants' defense to appellee's claim. The court stated that:

"[t]he letter said that they were leaving not because they were overworked but because they didn't have enough to do. They made no complaint of the living conditions to which they were subjected. On the contrary, in the letter they said definitely that they thought they were supernumerary, that their services were not needed and it would only be good business for the plaintiffs to stop their salaries. Now that is all that the plaintiff knows about them at that time. There is no record outside of their statement that they made oral assertions. They state specifically 'We feel our salaries can be eliminated as the first step to efficiency as it is an unnecessary expenditure. With your supervision and efficient hostesses there is no need for this expense.' They then make it clear they do not propose to continue with their work. This action of course followed the alleged breach of contract on their part." R.T. at 91–92.

The district court apparently relied upon the letter in finding no "material * * * fact in this case." R.T. at 92.

While we agree with the conclusion of the trial court, we do not find the letter from appellants to be so determinative of the issue as did the trial judge. We would characterize it as probative of waiver on appellants' part, or of a repudiation, but no more.

We find summary judgment to have been correctly granted, however, because appellants have made no defensive allegations that are not disposed of by the specific terms of the written contract, and the law of Guam relating to the effect of those written terms.

■■ Appellants alleged that appellee required appellants to work an average of 18 hours a day six and seven days a week. R.T. at 37. The contract pro-

---

* Hon. John F. Kilkenny was a United States District Judge, sitting with this court by designation, at the time oral argument in this case was heard.

1. The employment contract provided, in part, that:

"if the Employee violates this agreement by vacating his position without the con-sent of the Employer prior to the expiration of twelve (12) months from the effective date of this agreement, he will repay to the Employer a sum of money equal to that expended by the Employer for the transportation to Guam. * * *" R.T. at 3.

vides that appellants were to work "a minimum of forty-eight (48) hours per week." R.T. at 5. No maximum is stated. Appellants contended that appellee did not give appellants managerial authority, but instead required them to "perform mineal [*sic*] services." Appellants also argued that they were assigned the duty of operating a motel and that the restaurant they expected to manage did not begin operation for almost one month after their arrival. R.T. at 37. The employment contract provided that appellants' "employment shall be in connection with *any work* of the Employer on Guam" (emphasis added), and further that "[t]he Employer may require the Employee to render service in a classification of labor other than that mentioned above, provided that the Employee's salary shall not be reduced." R.T. at 3. Appellants charged appellee provided them with "an inadequately furnished, dirty motel room." R.T. at 37. The contract spells out the housing arrangements in detail. R.T. at 4. Appellants' allegations do not charge a breach of these provisions. Finally, appellants make two contentions of employer breach not covered in the contract. Appellants allege appellee furnished them only one free meal a day instead of three and sold them an automobile at above cost instead of at cost. The contract provides, as its concluding clause, all in capital letters that:

"[T]HE EMPLOYEE CERTIFIES TO THE EMPLOYER THAT HE HAS READ THE FOREGOING AGREEMENT AND THAT HE FULLY UNDERSTANDS ITS TERMS AND CONDITIONS, AND FURTHER CERTIFIES THAT THE FOREGOING TERMS AND CONDITIONS CONSTITUTE HIS ENTIRE AGREEMENT WITH THE EMPLOYER, AND THAT NO PROMISES OR UNDERSTANDINGS OR REPRESENTATIONS HAVE BEEN MADE OTHER THAN THOSE STATED ABOVE. AND IT IS SPECIFICALLY AGREED BY THE PARTIES HERETO THAT THIS AGREEMENT SHALL BE SUBJECT TO MODIFICATION ONLY BY A WRITTEN INSTRUMENT SIGNED BY BOTH THE EMPLOYER AND THE EMPLOYEE."

The Guam Code of Civil Procedure,[2] Section 1856, provides that:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing. [with certain exceptions, not here relevant]"

The Guam Civil Code, Section 1639, provides:

"When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible  *  *  *."

■ Appellants are thus asking the court to do what is proscribed by both the terms of their agreement with appellee and by the substantive law of Guam. We will not frustrate either the bargain of the parties or the policy of Guam by allowing appellants to introduce parol evidence to modify their contract. No authority has been cited nor is there any evidentiary basis for the proposition that any of the four "standards" modifying the parol evidence rule have been adopted as the law of Guam.[3]

Accordingly, we find no material issue of fact existed—"no genuine issue for trial"—and conclude that the district court's granting of appellee's motion for summary judgment was correct.

Affirmed.

2. The Contract provided that the law of Guam was to apply. Since Guam has a governmental interest in the contract, we will respect this clause. *See also* Guam Civ.Code. § 1624(1) ; § 1625.

3. Cf. 9 Wigmore on Evidence, §§ 2458–2478 (3d ed.) ; 3 Corbin on Contracts, § 535.